RECEIVED CLERK

OCT 1 0 2008

U.S. DISTRICT COURT

FILED
U.S. DISTRICT COURT

2008 OCT 14 ₽ 5: 47

LISA ANN FIXEL
1  5091 Loomis Lane
   Kearns, Utah 84118
2

3  **UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH**

4                      BY._____

5  LISA ANN FIXEL,

                                CIVIL RIGHTS VIOLATIONS
6          Plaintiff,

                                42 U.S.C. 1983
7      vs.                      42 U.S.C. 1985

8  THE STATE OF UTAH,

9          Defendant

   The above matter came duly before the Third District
10 Juvenile Court.

11                        A. **JURISDICTION**

12 1. Jurisdiction is proper in this court pursuant to:

13       a. 42 U.S.C.   1983            Case: 2:08cv00797
         b. 42 U.S.C.   1985            Assigned To : Benson, Dee
14                                      Assign. Date : 10/14/2008
                                        Description: Fixel v. State of Utah
15 2. Name of the plaintiff- Lisa Ann Fixel
      Is a citizen of the state of Utah.
16
      Present mailing address: 5091 Loomis lane
17                       Kearns, UT 84118

18 3. FIRST DEFENDANT: Debbie Scoville D.C.F.S
      Is a citizen of the state of Utah and is employed as a case
19 worker for D.C.F.S

20
   Debbie Scoville was acting under the "Color of State Law" at the
21 time.
   Debbie Scoville was the defendants Dependency Drug Court case
22 worker for Honorable Robert Yeates in the 3rd District Juvenile
   Court.
23
   4. SECOND DEFENDANT: Judge Robert Yeates 3rd District Juvenile
24 Court.
      Is a citizen of the state of Utah.
25    And was employed as a Judge in the 3rd District Juvenile court.

1   Judge Robert Yeates was acting under the "Color of State Law" at
    the time these claims occurred.
2   Judge Robert Yeates was the Defendants Judge upon termination of
    defendant's parental rights.
3

4   5.THIRD DEFENDANT: John Doe 1-10.

5
    6. FORTH DEFENDANT: Utah Alcohol Foundation aka House of Hope.
6                           Lisa Heaton
                            Kathleen Mezley
7                           Martha Burkett/Fallis
        Is a citizen of the state of Utah and are employed as staff
8   at the House of Hope.

9   House of Hope is a substance abuse treatment facility for women
    and children ran by corporate office of the "UTAH ALCOHOL
10  FOUNDATION".

11

12                      B. NATURE OF THE CASE.

13  Plaintiffs "Parental Rights" were terminated with excess Bias
    and Discrimination.
14  Due process was incomplete and without best interests for the
    children.
15  Equal protection of the law was not enforced. Conspiracy of
    public officials such as D.C.F.S., Attorney Ad Litem, Judge
16  Robert Yeates and H.O.H. staff.

17  Plaintiffs Constitutional Rights were violated.

18  Parental Rights were terminated stating that plaintiff had brain
    damage. Court was bias during trial. Judge stated that plaintiff
19  was a "waste of time and money". Court changed attorneys on
    defendant with an extension to accommodation of change of legal
20  defense. Court waived plaintiff's confidentiality rights to
    allow House of Hope staff to testify for another House of hope
21  staff that was subpoenaed to court. Kathleen Mezley did a
    contempt of court with a no show.
22

23  Court allowed adoption procedures without determining paternity
    on Joston Jovon Fixel.
24

25

1  Conspiracy with H.O.H. staff and Debbie Scoville D.C.F.S for
   unsuccessful termination of the treatment program. Defendants
2  did not inform Plaintiff of termination. D.C.F.S. failed to
3  follow through with court ordered treatment.

4
   Due process in termination of Parental rights was unlawful.
5  Failed to follow through procedures with plaintiff such as
   insufficient removal and review, Plaintiff was incarcerated
6  during the family safety plan. Plaintiff was unaware of or had
   not attended this meeting. Safety plan should have been amended
7  due to different circumstances with Plaintiff and court order.

8  On or about June 5th, Plaintiff and Fixel/Rosenbaum Children were
   discharged from treatment facility to unsafe home.  Debbie
9  Scoville defendant had set up Plaintiff for failure.

10 Defendant Mrs. Scoville proceeded to the staff of "House of
   Hope" and requested that plaintiff be released due to Housing.
11 Housing made an agreement with Plaintiff upon completion of
12 residential treatment in May 16, 2005.

13 House of Hope was aware of this arrangement with housing.
   Failure to follow through with letters by both parties resulted
14 termination of plaintiffs housing agreement.

15
   Parental Rights were terminated due to conclusion of treatment
16 at House of Hope Completion.  Third district Judge Robert Yeates
   of family drug dependency court was incompetent and was coerced
17 to terminate parental rights of the plaintiff by D.C.F.S.

18

19

20

21

22

23

24

25

CIVIL RIGHTS COMPLAINT (42 U.S.C § 1983, § 1985 - 3

1

2

3

4

## C.CAUSE OF ACTION

5

6   a.   COUNT 1-CONFLICT OF INTEREST
            Judge Valdez was original judge assigned. Due to
7           conflict of interest Plaintiff was reassigned to
            a new judge.
8           Mrs. Scoville stated to plaintiff that "Her and
            her husband were considering adoption and not to
9           say anything to anyone in treatment, for she
            didn't want anyone to think she was taking kids
10          away for that reason".

11
     b.   COUNT 2-SUBSTITUTE WITNESS/ADMISSABLE EVIDENCE
12          Lisa Heaton's testimony was worthless and
            incompetent due witness not being on the witness
13          list.
            Kathleen Mezley plaintiff's children counselor
14          was not present and court proceeded with Lisa
            Heaton's testimony. Miss Mezley was suppoened to
15          court. No show.

16
     c.   COUNT 3-INSUFFICIENT MEDICAL TREATMENT
17          Arianna tested positive for lead. No medical
            follow up on lead poisoning by state or House of
18          Hope facility. Room plaintiff occupied at
            facility was tested and was positive for lead.
19          Also Sierra Rosenbaum resided in this room at
            facility and follow up or test for lead was
20          conducted.

21

22   d.   COUNT 4-PATERNITY OF JOSTON FIXEL NOT ESTABLISHED
            Rights of father- good faith search for father
23          Bi-logical birth-father's consent to adoption

24

25

COUNT 5-CONFIDENTIALITY RIGHTS WAIVED
1     Plaintiff's confidential rights were waived due
      to confidentiality form being expired. Judge
2     stated "It won't cause conflict to House of Hope
      recruiting new clients."
3

4
   COUNT 6-CONSPIRACY OF STATE OFFICIALS "COLOR OF LAW".
5     Misuse of power by state officials.
      Termination of Parental Rights of Plaintiff.
6     Mrs. Scoville had Plaintiff discharged from
      Treatment for housing reasons. HoH decided it was
7     "Unsuccessful discharge".

8   COUNT 7-DUE PROCESS OF LAW
     **Defendants violated by Utah Department of**
9     **Services Policy and procedure.**

10 e. COUNT 8-EQUAL PROTECTION OF LAW/DUE PROCESS
     Violations of 42 U.S.C.§ 1983 which prohibits
11     persons acting under the color of state law from
      depriving someone their rights under the
12     constitution.

13
  f. COUNT 7-NEGLIGENCE
14     Injury to Arianna Rosenbaum. Arianna's arm was
      fractured and was not treated. Trauma unit at
15     University of Utah Trauma unit estimated fracture
      anywhere from 7-10 days old. Lack of care from
16     responsible party. Arianna was in a foster home.

17 g. COUNT 10-FEDERAL LARCENY/ KIDNAPPING
     Conspiracy between state official determining
18     request for termination of parental rights.

19
  h. COUNT 11-INSUFFICIENT EVIDENCE OF ABUSE AND/OR NEGLECT
20     Evidence beyond a reasonable doubt of abuse and or
      neglect.
21
  i. COUNT 12-LIBEL AND SLANDER
22     "Possible brain damage" was stated by therapist.
      **No medical reports of brain damage verified by**
23     **any source.**

24

25

1

2                                    **D.FINDINGS OF FACT**

3    Expediting t**ermination of parental rights was unlawful due**
     **process of Federal adoption procedures statute of children must**
4    **be in states custody 14 months to 24 months.**

5
     **Defendant Mrs. Scoville was unable to conduct professional**
6    **standards and comply with all applicable laws with Plaintiffs**
     **service plan.**

7
     **Defendants have inconclusively violated good client relations**
8    **and defendants trust.**

9    Also, Defendant, Debbie Scoville D.C.F.S didn't follow
     procedures personal work ethics under policy and procedures
10

11   Code of Ethics of Utah Department of Human Services Section 1-6
     "Accurate and complete information regarding the extent and
12   nature of the department services available to them."

13   A. Employee will obey applicable civil and criminal laws,
     regulations, rules or policy governing their or professional
14   activities.

15   B. Jeopardize the health or safety of clients.

16   C. Performance of duties, employees shall:
     Not participate in, condone, conceal or be associated with
17   dishonesty, fraud, misrepresentation or theft.

18
     D. Not purposely withhold from clients, accurate and complete
19   information regarding the extent and nature of the Department
     services.

20
     Plaintiff was not present with original service plan. Plaintiff
21   was incarcerated during the formal family team meeting.
     Plaintiff was unaware of time limit of placement with the state.

22
     HOH stated "plaintiff remained drug free on dependency review
23   and said she was doing really well," in June 2005.

24   Fact is Plaintiff was not drug free due to prescribed "Zoloft"
     which is used as an antidepressant. Zoloft is actually a
25   barbiturate and alters your thinking.

1  Substitute witness is a not admissible and or relevant of case.
   Compulsory process obtaining witness in his favor.
2

3  Plaintiffs originally assigned court appointed attorney was
   Cherri Stringham, Lokken and associates.

4
   Cheri Stringham was replaced by Russell Patriga. Plaintiff's
5  attorney Russell Petriga violated plaintiff's due process of law
   by not requesting an extension from the court.  Russell Petriga
6  was assigned to plaintiff 2 weeks prior to plaintiff's trial.

7  Later Plaintiff requested files from Lokken and Associates and
   was told that Cherry Stringham had left the firm.    Reason is
8  unknown.

9  In conclusion plaintiff was told change to defense was due to
   courts having to "switch" attorneys due to attorneys building
10 relationships with the judge.

11
   Rule 314-604 has factors to be considered in imposing sanctions.
12 Sanction request for Gregory Wall. Mr. Wall accepted money to
   represent plaintiff for representation. Mr. Wall failed to
13 proceed with conclusion letter and was "keeping the funds for
   research".
14

15 **Disciplinary procedures such as sanction of "Wall to Wall" firm
   for lack of Due Process of appeal. Completion upon agreement of**
16 **case # 2005094.  Mr. Gregory Wall had agreed on filing for
   Defendant in the Appellant court.**
17

   **Plaintiff's substantial compliance with the "Service plan"**
18 **awarded the plaintiff the reward of the Fixel\Rosenbaum children**
   **to be returned to the plaintiff on September 19, 2005.**
19

20
   **Mrs. Scoville contacted Plaintiff on September 16, 2005, she**
21 **stated "Lisa you need to go U.A. and bring proof of your job to
   trial Monday and the kids will be coming home."**
22

                        Conclusion of the law
23
   State court wrongly decided the issues before it. Violation of
24 Civil rights of defendant. 42 U.S.C § 1983 & 42 U.S.C § 1985.

25

1

## Request for Relief

2

3   Immunity of state officials involved due to violation of ethic
    codes.

4
    Immunity of state officials violation of constitution of the
5   United States.

6   Federal court is asked to set aside order of termination of
    parental rights and adoption of Fixel/Rosenbaum children.

7
    Award of damage of the deprivation of civil rights of
8   constitutional right to be a parent to be 7 million dollars.
    Due to mental injuries plaintiff may require costly future
9   medical expenses.

10
    WHEREFORE, Plaintiff demands Adoption of Joston Jovon Fixel,
11  Sierra Rain Rosenbaum, and Arianna Dawn Rosenbaum nullified and
    reprimanded. Plantiff demands return of her children.

12

13

14

15

16

17

18

19

20
                                            LISA ANN FIXEL
21
                                         October 10, 2008
22

23

24

25