# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| LISA ANN FIXEL,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>STATE OF UTAH, et al..<br><br>　　　　　Defendants. | Case No. 2:08-CV- 797 DB<br><br>**REPORT AND RECOMMENDATION**<br><br>Judge Dee Benson<br><br>Magistrate Judge Brooke C. Wells |

Lisa Ann Fixel filed suit under 42 U.S.C. § 1983 and 42 U.S.C. 1985 against the State of Utah, Debbie Scoville from the Division of Child and Family Services, Utah Judge Robert Yeates, the Utah Alcohol Foundation also known as House of Hope, and House of Hope employees Lisa Heaton, Kathleen Mezley and Martha Fallis Burkett.  Fixel challenges the state court proceedings terminating her parental rights.  Specifically, Fixel alleges numerous constitutional rights violations during the proceedings.  In her request for relief Fixel seeks, *inter alia*, an order from this court "set[ting] aside [the] order of termination of parental rights"[1] and an award of damages for seven million dollars due to mental injuries and "costly future medical expenses."[2]  Because this court lacks subject matter jurisdiction over Fixel's claims under the *Rooker-Feldman* doctrine and is barred from exercising jurisdiction over a case in which there

---

[1] Compl. p. 8.
[2] *Id.*

may be ongoing state proceedings pursuant to *Younger v. Harris*,[3] the court recommends Fixel's complaint be dismissed.

This case arises out of the state court proceedings involving the termination of Fixel's parental rights.[4]  During the trial there allegedly was "bias," an improper changing of legal counsel, an improper waiver of confidentiality rights to allow House of Hope staff to testify and a conspiracy with House of Hope staff to terminate Fixel's parental rights.[5]

Because Fixel is appearing pro se, the court construes her pleadings liberally.[6]  Fixel is proceeding without prepayment of fees under 28 U.S.C. § 1915.[7]  Section 1915(e)(2) provides that "the court shall dismiss the case at any time if the court determines that . . . the action . . . (i) is frivolous or malicious; [or] (ii) fails to state a claim on which relief may be granted."[8]  A complaint "is frivolous where it lacks an arguable basis either in law or in fact."[9]  In this case, there is no arguable legal basis for the relief Fixel seeks because the court lacks subject matter jurisdiction over it.

Federal courts are courts of limited jurisdiction and they possess only the power authorized by the Constitution and acts of Congress.[10]  One such restriction is the limitation on

---

[3] 401 U.S. 37 (1971).
[4] *See* Compl. p 2-4.
[5] *See id.* p. 2-3.
[6] *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Ledbetter v. City of Topeka*, 318 F.3d 1183, 1197 (10th Cir. 2003).
[7] Docket no. 2.
[8] 28 U.S.C. § 1915(e)(2) (2006).
[9] *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *accord Green v. Seymour*, 59 F.3d 1073, 1077 (10th Cir. 1995); *Fratus v. DeLand*, 49 F.3d 673, 674 (10th Cir. 1995).
[10]  *See Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994).

federal courts to reverse or modify state court judgments.[11]  Another is a prohibition against a federal district court hearing an appeal from a judgment rendered by the state courts.[12]  Both of these restrictions fall under what is generally called the *Rooker-Feldman* doctrine.[13]  This doctrine "precludes federal district courts from effectively exercising appellate jurisdiction over claims 'actually decided by a state court' and claims 'inextricably intertwined' with a prior state-court judgment."[14]  "Where a constitutional issue could have been reviewed on direct appeal by the state appellate courts, a litigant may not seek to reverse or modify the state court judgment by bringing a constitutional claim under 42 U.S.C. § 1983."[15]

Here, Fixel is basically asking this court to "effectively act as an appellate court in reviewing the juvenile court's disposition"[16] and reverse its judgment terminating Plaintiff's parental rights.  Under the *Rooker-Feldman* doctrine, however, this Court cannot reverse or modify a state court judgment.[17]  Fixel's Complaint must therefore be dismissed.

---

[11] *See Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415-16 (1923) (finding no federal court "could entertain a proceeding to reverse or modify" a state court judgment, because "[t]o do so would be an exercise of appellate jurisdiction.  The jurisdiction possessed by the District Courts is strictly original.").

[12] *See Bolden* 441 F.3d at 1139 ("The *Rooker-Feldman* doctrine prohibits federal suits that amount to appeals of state court judgments.").

[13] *See Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923); *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983).

[14] *Mo's Express, LLC v. .Sopkin*, 441 F.3d 1229, 1237 (10th Cir. 2006) (quoting *Kenmen Engineering v. City of Union*, 314 F.3d 468, 473 910th Cir. 2002)).

[15] *Anderson v. State of Colorado*, 793 F.2d 262, 263 (10th Cir. 1986) (stating federal courts do not have jurisdiction to review any claims of alleged constitutional rights violations under section 1983 that arise during the course of state judicial custody proceedings).

[16] *Warnick v. Briggs*, 2007 WL 3231609 *9-10 (D.Utah Oct. 30 2007).

[17] *See Rooker*, 263 U.S. at 415.

In addition, even if Fixel's case is still ongoing in the state court, this court must abstain from exercising jurisdiction over the case pursuant to *Younger v. Harris*.[18]

Finally, to the extent Plaintiff is suing the State of Utah, the state is not a "person" within the meaning of Section 1983. If Plaintiff is unhappy with the proceedings in state court, then she should raise her displeasure with the appropriate state appellate court on direct appeal.[19]

## RECOMMENDATION

Based on the foregoing, the court recommends this case be dismissed and Fixel's motion for service of process be denied or deemed moot.

Copies of the foregoing report and recommendation are being mailed to all parties who are hereby notified of their right to object. Any objection must be filed within ten days after receiving this Report and Recommendation. Failure to object may constitute a waiver of objections upon subsequent review.

DATED this 4th day of February, 2008.

                                                                      Brooke C. Wells
                                                                      United States Magistrate Judge

---

[18] 401 U.S. 37 (1971).
[19] *See Anderson*, 793 F.2d at 263.